UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES LEE WALKER | ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION FILE NO. |
| EQUIFAX INFORMATION SERVICES, LLC, | ) ) ) **DEMAND FOR JURY TRIAL** |
| TRANS UNION, LLC, | ) ) |
| GOLDMAN SACHS BANK USA. | ) ) |
| Defendant(s). | ) ) |

_____

## COMPLAINT

Plaintiff James Lee Walker ("Plaintiff" or "Walker") by and through his attorneys, and as and for his Complaint against Defendant Equifax Information Services, LLC ("Equifax"), Defendant Trans Union, LLC ("Trans Union"), and Defendant Goldman Sachs Bank USA ("Goldman") respectfully sets forth, complains and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.* The Court also has

pendent jurisdiction over the State law claims in this action pursuant
to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §
1391(b)(2).

3. Plaintiff brings this action for damages and declaratory and injunctive
relief arising from the Defendant's violations of 15 U.S.C. § 1681 *et
seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## <u>PARTIES</u>

4. Plaintiff is a resident of the State of Georgia, residing in the County of
Newton.

5. At all times material hereto, Plaintiff was a "consumer" as said term is
defined under 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC is a consumer
reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts
substantial and regular business activities in this judicial district.
Defendant Equifax is a Georgia corporation and may be served with
process upon Lisa Stockard, its registered agent for service of process,
at 1550 Peachtree Street NW, Atlanta, GA 30309.

7.  At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8.  At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9.  Defendant Trans Union, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Trans Union is a Delaware corporation registered to do business in the State of Georgia, and may be served with process upon Prentice-Hall Corporation System, its registered agent for service of process at 40 Technology Pkwy South, #300, Norcross, GA, 30092.

10. At all times material hereto Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant Goldman Sachs Bank USA is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and with an address located at 200 West Street, New York, NY, 10282.

## **FACTUAL ALLEGATIONS**

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

## Equifax Dispute and Violation

14. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included negative information regarding a bankruptcy that Plaintiff had not filed.

15. The inaccurate information published by Defendant Equifax is inaccurate since the Plaintiff was a victim of identity theft and the public record regarding the alleged bankruptcy did not pertain to him.

16. Defendant Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

17. Plaintiff notified Equifax that he disputed the accuracy of the information Equifax was reporting multiple times, the most recent dispute on or around June 21, 2019, specifically stating in a letter he was disputing this reporting of a bankruptcy.

18. Tthe Plaintiff provided a filed Police Report with the June 21, 2019 dispute, as evidence of the identity theft and the misinformation still remaining on the Plaintiff's credit report.

19. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, as well as providing evidence of the police report, Equifax did not evaluate of consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the dispute account was inaccurate.

20. As of the date of the filing of this Complaint, Defendant Equifax's reporting of the above-referenced public record continues to be inaccurate and materially misleading.

21. Defendant's erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

22. As a result of Defendant's conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

Trans Union Dispute and Violation

23. On information and belief, on a date better known to Defendant Trans Union, Trans Union prepared and issued credit reports concerning the Plaintiff that included negative information regarding an account that did not belong to the Plaintiff, specifically the Defendant Goldman account.

24. The inaccurate information furnished by Defendant Goldman and published by Defendant Trans Union is inaccurate since the Plaintiff was a victim of identity theft and this account did not belong to him.

25. Defendant Trans Union has been reporting this inaccurate information through the issuance of false and inaccurate credit information and

consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

26. Plaintiff notified Trans Union that he disputed the accuracy of the information Trans Union was reporting multiple times, the most recent dispute on or around June 21, 2019 specifically stating in a letter he was disputing at the Goldman account due to identify theft.

27. As evidence of the identity theft the Plaintiff provided a filed Police Report stating as such.

28. It is believed and therefore averred that Defendant Trans Union notified Defendant Goldman of Plaintiff's dispute.

29. Upon receipt of the dispute of the account from the Plaintiff by Trans Union, Goldman failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

30. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, as well as providing evidence of the police report, Trans Union did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably

verify that the derogatory information concerning the dispute account was inaccurate.

31. As of the date of the filing of this Complaint, Defendant Goldman continues to furnish credit data which is inaccurate and materially misleading, and Defendant Trans Union's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

32. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

33. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Equifax)

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

35. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

36. Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

37. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d. The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e.  The continual placement of inaccurate information into the
credit report of the Plaintiff after being advised by the Plaintiff
that the information was inaccurate;

f.  The failure to note in the credit report that the Plaintiff disputed
the accuracy of the information;

g.  The failure to promptly delete information that was found to be
inaccurate, or could not be verified, or that the source of
information had advised Equifax to delete;

h.  The failure to take adequate steps to verify information Equifax
had reason to believe was inaccurate before including it in the
credit report of the consumer.

38. As a result of the conduct, action and inaction of Equifax, the Plaintiff
suffered damage by loss of credit, loss of ability to purchase and
benefit from credit, and the mental and emotional pain, anguish,
humiliation and embarrassment of credit denial.

39. The conduct, action and inaction of Equifax was willful rendering
Equifax liable for actual, statutory and punitive damages in an amount
to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. §
1681(n).

40. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**WHEREFORE**, Plaintiff, James Walker, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Equifax)

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

42. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

43. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

44. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d. The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

   e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

45. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

46. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

47. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

**WHEREFORE**, Plaintiff, James Walker, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Trans Union)

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

49. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

50. Trans Union violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning the Plaintiff.

51. Trans Union  has willfully and recklessly failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

   a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d.  The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

h.  The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

52. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase

and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

53. The conduct, action and inaction of Trans Union was willful rendering Trans Union  liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

54. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**WHEREFORE**, Plaintiff, James Walker, an individual, demands judgment in his favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **FOURTH CAUSE OF ACTION**

### **(Negligent Violation of the FCRA as to Trans Union)**

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

56. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

57. Trans Union violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

58. Trans Union has negligently failed to comply with the Act. The failure of Trans Union  to comply with the Act include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d.  The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

    e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

    h.  The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

59. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

60. The conduct, action and inaction of Trans Union was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

61. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

**WHEREFORE**, Plaintiff, James Walker, an individual, demands judgment in his favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant Goldman.)

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

63. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

64. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

65. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

66. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant listed above must report the results to other agencies which were supplied such information.

67. The Defendant Goldman violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

68. Specifically, the Defendant Goldman continued to inaccurately report this account on the Plaintiff's credit report after being notified that he was disputing this account due to the inaccuracies contained in the

reporting of the account, specifically that this account was not his liability, and he has been a victim of identity theft.

69. In furtherance of the dispute, the Plaintiff submitted evidence of a Police Report detailing the identify theft.

70. As a result of the conduct, action and inaction of the Defendant Goldman, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

71. The conduct, action and inaction of Defendant Goldman was willful, rendering Defendants liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

72. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Goldman in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

**WHEREFORE**, Plaintiff, James Walker, an individual, demands judgment in his favor against Defendant Goldman for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Defendant Goldman)**

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

74. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

75. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

76. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

77. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named

Defendant must report the results to other agencies which were supplied such information.

78. Defendant Goldman is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

79. After receiving the Dispute Notice containing the evidence of identity theft from Trans Union, Defendant Goldman negligently failed to conduct its reinvestigation in good faith.

80. A reasonable investigation would require a furnisher to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

81. Defendant Goldman continued to report this account on the Plaintiff's credit report after being notified that he was claiming identify theft.

82. The conduct, action and inaction of Defendant Goldman was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

83. As a result of the conduct, action and inaction of the Defendant Goldman, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and

emotional pain, anguish, humiliation and embarrassment of credit denials.

84. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Goldman in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

**WHEREFORE**, Plaintiff, James Walker, an individual, demands judgment in his favor against Defendant Goldman, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## <u>DEMAND FOR TRIAL BY JURY</u>

85. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

a. For actual damages provided and pursuant to 15 U.S.C. § 1681(o)(a) be awarded for each negligent violation as alleged herein;

b.  For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c.  For statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d.  For statutory damages provided and pursuant to 15 U.S.C. §
    1640(a)(2);

e.  For Punitive damages provided and pursuant to 15 U.S.C. §
    1681n(a)(2);

f.  For attorney fees and costs provided and pursuant to 15 U.S.C. §
    1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g.  For any such other and further relief, as well as further costs, expenses
    and disbursements of this action as this Court may deem just and
    proper.

Dated:      January 14, 2020              Respectfully Submitted,

                                          /s/ Jonathan Mason
                                          *Attorney for Plaintiff*
                                          Jonathan B. Mason, Esq.
                                          Georgia Bar No. 475659
                                          Mason Law Group, P.C.
                                          1100 Peachtree Street, NE, Suite 200
                                          Atlanta, GA 30309
                                          Phone: 404.920.8040
                                          Fax: 404.920.8039
                                          Email: jmason@atlshowbizlaw.com